UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CIVIL ACTION NO. _____

FRANK HOOKS,

PETITIONER

V.

BERNARD BRADY

RESPONDENT

_____

PETITIONER'S
HABEAS CORPUS  AD SUBJICIENDUM

_____

Respectfully submitted,

Frank Hooks
OCCC Minimum
1 Administration Road
Bridgewater, MA 02324

Date: July 7, 2004

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................. i-ii

ISSUES PRESENTED ................................. iii

SATATEMENT OF THE CASE .......................... iii-v

STATEMENT OF THE FACTS .......................... v-vi

ARGUMENT ......................................... 1

I.    WHETHER THE VIOLATION OF THE PETITIONER'S
      CONSTITUTIONAL RIGHTS CAUSED BY THE SECOND
      JUDGES MISAPPLICATION OF THE GENERAL LAWS
      GOVERNING PROBATION REVOCATION AND CONSEC-
      UTIVE SENTENCING DEPRIVED THE PETITIONER
      OF HIS PERSONAL LIBERTY ....................... 1

II.   WHETHER THE RESPONDENT'S CUSTODY OVER THE
      PETITIONER IS UNCONSTITUTIONAL AND DEPRIVES
      HIM OF HIS PERSONAL LIBERTY REQUIRING A
      REVERSAL OF THE ORDER DENYING AND DISMISSING
      HIS HABEAS CLAIMS AND REQUIRING IMMEDIATE
      RELEASE FROM THE RESPONDENT'S CUSTODY ......... 8

CONCLUSION ....................................... 12

ADDENDUM ......................................... 13

PETITIONER'S SUPPLEMENTAL APPENDIX ................

## TABLE OF AUTHORITIES
### Cases

Baranow v. Commissioner of Correction,
Mass.App. 297 N.E. 2d 67 (1973) ............... 2, 5, 6.

Carlino v. Commissioner of Correction,
355 Mass. 159, 243 N.E. 2d 799 (1969) ............... 6.

Commonwealth v. Berry,
420 Mass. 95, 648 N.E. 2d 732 (1995) ................ 7.

Commonwealth v. Chirillo,
53 Mass.App.Ct. 75, 756 N.E. 2d 1215 (2001) ....... 5, 6.

Commonwealth v. Herrera,
52 Mass.App.Ct. 294, 752 N.E. 2d 833 (2001) .......... 4.

Commonwealth v. Hill,
57 Mass.App.Ct. 240, 782 N.E. 2d 35 (2003) ........... 7.

Commonwealth v. Holmgren,
421 Mass. 224, 656 N.E. 2d 577 (1995) ............... 4.

Commonwealth v. Layne,
21 Mass.App.Ct. 17, 483 N.E. 2d 827,
review den. 396 Mass. 1104, 486 N.E. 2d 731 (1985) ... 2.

Commonwealth v. Milton,
690 N.E. 2d 1232 (Mass. 1998) ...................... 9.

Commonwealth v. Wilson,
384 Mass. 358, (1981) ............................. 7.

Gagnon v. Scarpelli,
411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973) .. 9.

Gilmore v. Taylor,
508 U.S. 333, 348-49,
113 S.Ct. 2112, 2121, 124 L.Ed. 2d 306 (1993) ........ 9.

Henschel v. Commissioner of Correction,
368 Mass. 130, 330 N.E. 2d 480 (1975) ............... 7.

In Re Crowley,
776 N.E. 2d 513 (Mass.App.Ct. 2002) .................. 3.

In Re Zullo,
37 Mass.App.Ct. 371, 639 N.E. 2d 1110 (1999) ......... 5.

Kelley v. Johnson,
47 L.Ed. 2d 975 (    ) ............................. 10.

Marley v. Boston Mun. Court Dept.,
428 Mass. 1023, 1024, 704 L.Ed. 2d 187 (1999) ........ 6.

i

Meachum v. Fano,
49 L.Ed. 2d 451, 96 S.Ct. 2532 (1976) ............. 11.

O'Brien v. Massachusetts Bay Transp. Auth.,
405 Mass. 439, 443-444, 541 N.E. 2d 334 (1989) ...... 7.

O'Leary Petitioner,
325 Mass. 179, 184, 89 N.E. 2d 769 (1950) .......... 3.

Preiser v. Rodriguez,
411 U.S. 475, 36 L.Ed. 2d 439, 93 S.Ct. 1827 (1973) . 9.

Smith v. Horn,
120 F.3d 400 (3rd Cir. 1997) ...................... 9.

Stokes v. Superintendent, Mass. Correctional Inst.
Walpole, 389 Mass. 883, 886, 452 N.E. 2d 1123 (1983). 3.

White v. Pearlman,
42 F.2d 788, 789 (10th Cir. 1930) ................. 6.

Wolff v. McDonnell,
418 U.S. 539, 41 L.Ed. 2d 935,
945 S.Ct. 2963, Ohio.Ops.2d 336 (1974) ............ 10.

Wyeth v. Richardson,
76 Mass. 240, 10 Gray 240 (1857) .................. 3.

## CONSTITUTIONAL PROVISIONS

Mass. Const. Art. 12. ........................... 10.

United States const. Art. I, § 9. ............... 12.

United States Const. Fifth Amendment. .......... 1, 10.

United States Const. Thirteenth Amendment. .... 10, 11.

United States Const. Fourteenth Amendment. ........ 10.

## STATUTES

Mass. Gen. Law Chap. 248 § 1. .................... 3.

Mass. Gen. Law Chap. 248 § 25. ................... 3.

Mass. Gen. Law Chap. 279 § 3. ..... 1, 2, 4, 8, 10, 11.

Mass. Gen. Law Chap. 279 § 8A. ........ 1, 2, 7, 8, 11.

In addition, Justice, Volterra, also ordered that pursuant to IIndictment No 093716) the petitioner receive a five year MCI Concord sentence, nine months to serve balance suspended, two years probation; and ordered this sentence to run concurrent with the initial sentence undet Indictment No 090601.

The petitioner began his quest for Judicial relief by presenting these identicle claims before the Suffolk Superior Court pursuant to Mass. R. Crim .p. 30(a), which was denied without a hearing by the Court, Spurlock, J., on July 5, 2002.

The petitioner presented these identicle claims before the Appeals Court, and was again denied without a hearing (or acknowledgement of this particular claim) in the Court's Memorandum And Order Pursuant to Rule 1:28, dated June 25, 2003 (Grasso, McHugh & Cohen, JJ., presiding).

On March 6, 2003 the Supreme Judicial Court, Ireland, J., transferred the petitioner's claims to the Worcester Superior Court, for disposition; and the Court, Locke, J., dismissed the petitioner's claims without a hearing.

iv

and defense counsel, an opportunity to review the
probation matter on the petitioner's MCI Concord sent-
ences.

On January 19, 1993 the Court, McDaniel, J.,
ordered the petitioner committed to fifteen to twenty
years at MCI Cedar Junction, pursuant to the manslaught-
er conviction, (Indictment No 100140) and subsequently
held a surrender hearing, finding the petitioner in
violation of the probationary terms agreed to before
Justice, Volterra, in 1991.  McDaniel, J., then revoked
the petitioner's probation on the MCI Concord sentences
and ordered those initial sentences ( the petitioner's
(A) and (B) sentences, which he had been serving) to
re-commence "from and after" the newly imposed (C)
sentence to MCI Walpole.[*]

---

[*]    Within the Appendix to this Petition the petitioner
       has provided a copy of the Sentencing Transcripts,
       detailing the underlying facts of his present
       detention, for review by this Honorable Court.
       (Tr. Vol. 8, pp. 1-19). The petitioner's supple-
       mental Appendix is referenced as (P.A. ___ ).

vi

**ARGUMENT**

I.    **WHETHER THE VIOLATION OF PETITIONER'S
      CONSTITUTIONAL RIGHTS CAUSED BY THE SECOND
      JUDGES MISAPPLICATION OF THE GENERAL LAWS
      GOVERNING PROBATION REVOCATION AND CONSECU-
      TIVE SENTENCING DEPRIVED THE PETITIONER OF
      HIS PERSONAL LIBERTY.**

In short, the petitioner in this case is not in any respect moving to challenge whether he is guilty or innocent of the crime alleged pursuant to Indictment No. 090601 or Indictment No. 093716. Rather, he is moving to establish that duration on the suspended portion of his MCI Concord sentenes have expired.

The petitioner's contention before the Single Justice was that because G.L. c. 279 § 3, mandates that if the suspension of a defendant's probation is revoked, the sentence shall be in full force and effect, then the suspended portion of his Concord sentences was made effective by the Court, McDaniel, J., on January 19, 1993. Thus, the Order/Mittimus commanding the respondent to detain this petitioner and compel him to re-start the suspended sentence on March 3, 2003, eleven years after revocation, unconstitutionally subjects this petitioner to double jeopardy, in violation of the Fifth Amendment to the United States Constitution.

The petitioner's second claim of error before the Single Justice was that pursuant to G.L. c. 279 § 8A,

revocation; and in so doing, the later judges order violates the petitioner's Constitutional rights, as referenced infra (2) that the violation has deprived him of his personal liberty; and, (3) he is entitled by law to immediate release from the custody of the respondent. Cf. Stokes v. Superintendent, Mass. Correctional Inst. Walpole, 389 Mass. 883, 886, 452 N.E. 2d 1123 (1983).

As stated in the matter of O'Leary Petitioner, 325 Mass. 179, 184, 89 N.E. 2d 769 (1950), Habeas Corpus in the historic remedial process applied whenever it appears that one is deprived of liberty without due process of law in violation of the Constitution of the united States. The essence of a writ of habeas corpus is the immediate release of the party who is, like the petitioner in the case at bar, unconstitutionally deprived of his personal liberty. Cf. In Re Crowley, 776 N.E. 2d 513 (Mass.App. Ct. 2002) Id at 517; also see Wyeth v. Richardson, 76 MAss. 240, 10 Gray 240 (1857); G.L. c. 248 §§ 1, 25.

Most respectfully the petitioner in the case at bar contends that the lower couts have misapplied and overlooked the import of this Honorable Courts earlier decisions and have overlooked the guidance

3

the probationary period." Thus, the petitioner has substantiated his contention that the later judge erred in creating a new sentencing scheme. Cf. Commonwealth v. Chirillo, 53 Mass.App.Ct. 75, 756 N.E. 2d 1215 (2001) citing in contrast, Marley v. Boston Mun. Court Dept. 428 Mass. 1023, 1024, 704 N.E. 2d 187 (1999).

The second judge's eleven year stay of execution, after revocation of the petitioner's probation on the suspended sentence, is clearly contrary to the statutory provisions governing such cases. Furthermore, in support thereof, it has long been the practice of this Commonwealth to hold that the impact of administering punishment by means of consecutive sentences rather than having them served concurrently with each other is to provide the added confinement "beyond the initial sentence." This can only be accomplished by means of seperate and distinct sentences related to each other "only by the expiration of the earlier one as the determinate of when the second shall commence."[2] Baranow v. Commissioner of Correction, Mass.App. 297 N.E. 2d 67 (1973) Id. at 68. (emphasis added).

expiration of concurrent sentences of different lengths takes effect from and after expiration of the longer sentence." This, the petitioner contends, is in accord with G.L. c. 279 § 8A, which is factually verified by such long standing case law authorities as <u>Henschel v. Commissioner of Correction</u>, 368 Mass. 130, 330 N.E. 2d 480 (1975), which holds that the "...[e]fect of Section [G.L. c. 279 § 8A], is to permit a second sentence to take effect as early as parole eligibility date of the first sentence."[3]

To the extent that ambiguity is said to exist within the Statute, referring to G.L. c. 279 § 3, and 279 § 8A, are courts have ruled in such cases as <u>Commonwealth v. Hill</u>, 782 N.E. 2d 35, 57 Mass.App.Ct. 240 (2003) and <u>O'Brien v. Massachusetts Bay Transp. Auth</u>, 405 Mass. 439, 443-444, 541 N.E. 2d 334 (1989) that,

---

3    G.L. c. 279 § 8A, provides in relevent part: For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous sentence, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise. <u>Commonwealth v. Wilson</u>, 384 Mass. 358 n. 6 (1981) Also see <u>Commonwealth v. Berry</u>, 420 Mass. 95, 648 N.E. 2d 732 (1995).

7

protected under the Constitution of the United States
as well as those protected under the Constitution of
the State of Massachusetts.

The Supreme Court of the United states ruled that
Courts shall entertain  a writ of habeas corpus in
behalf of a person who, like the petitioner in the
instant case, is in custody pursuant to the judgment
of a state court which stands in violation of the
Constitution or Laws of the United States. see
Preiser v. Rodriguez, 411 U.S. 475, 36 L.Ed. 2d 439,
93 S.Ct. 1827 (1973).

The denial of the petitioner's entitlement to
habeas relief has the effect of depriving him of life,
liberty and property, without due process of law; in
violation of the Fourteenth Amendment to the United
States Constitution. see Smith v. Horn, 120 F.3d 400
(3rd Cir. 1997) Id. at 414 citing Gilmore v. Taylor,
508 U.S. 333, 348-49, 113 S.Ct. 2112, 2121, 124 L.Ed.
2d 306 (1993).

Revocation of probation does implicate due
process rights under the Federal Constitution. see
Commonwealth v. Milton, 690 N.E. 2d 1232 (Mass. 1998)
at 1235 citing Gagnon v. Scarpelli, 411 U.S. 778,
93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973). Also see

9

United States Constitution, which prohibits, among other thigs, involuntary servitude.[4]  In the matter of Meachum v. Fano, (1976) U.S. 49 L.Ed. 2d 451, 96 S.Ct. 2532, the court indicated that liberty interest may have either of two sorces: it may originate in the Federal Constitution or it may have its roots in the State Law.  In the case at bar, the petitioner has established that the initial violation is rooted in the 1993 judge's misapplication of G.L. c. 279 § 3, and G.l. c. 279 § 8A, which ultimately caused the respondent to deprive this petitioner of his liberty interest protections guaranteed under both State and Federal Constitution; however, the deprivation of a hearing on the merits of the petitioner's habeas claims has compelled this petitioner to appeal the denial of the Single Justice  to seek his entitlement to relief before the Full Bench of the  Honorable Supreme Judicial Court.

---

4    Involuntary servitude is defined as follows: The condition of one who is compelled by force, coercion, or imprisonment, and against his will, to labor for another, whether he is paid or not. see Blacks Law Dictionary, Sixth Edition (Centennial Edition 1891-1991) id. at 828.

**ADDENDUM**

A woman serving a sentence in the reformatory for women, who has a warrant for an "on and after sentence" lodged against her, can be indentured by the commissioner of correction on the sentence she was then serving, however the minute she is indentured her first sentence terminates and the second one begins to run, therefor she may not be indentured for a longer period than she can be held under the second sentence.    Op.Atty.Gen., Feb. 9, 1940, p. 37.

## PETITIONER'S SUPPLEMENTAL APPENDIX

Relevent Mittimus for Indictment
No. 090601 ................................... P.A. 1

Relevent Mittimus for Indictment
No. 093716 ................................... P.A. 2

Copy of relevent Statutes ................ P.A. 3, 3A

Relevent Ruling by the Court
(Spurlock. J.), relating to denial of
Rule 30(a) ................................... P.A. 4

Relevent Ruling by the Court
(Spurlock, J.), relating to denial of
Petitioner's Motion For a Hearing ............ P.A. 5

Relevent Memo. and Order by the Court
(Grasso, McHugh & Cohen, JJ.),
Massachusetts Appeals Court, 02-P-1410 ...... P.A. 6-9

S.J.C. Docket Entries for SJ-2003-0097
relating to case transfer to Worcester
Superior Court by (Ireland, J.) ........... P.A. 10-11

Relevent Ruling by the Court
(John P. Connor, Jr., Justice)
relating to Motion for Reconsideration .... P.A. 12-13

Relevent Judgment by the Court
(Cordy, J.), relating to Order denying
Petitioner's Habeas claims SJ-2004-0062 ... P.A. 14-15

Relevent Sentencing Transcrips pursuant
to Suffolk County Indictment
No. 100140 before (McDaniel, J.)* .......... P.A. 16-32

COMMONWEALTH OF MASSACHUSETTS

/OLK, ss.

To the Sheriff of said County of Suffolk, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Concord, in the County of Middlesex, in said Commonwealth.

GREETING:

We command you, and each of you, forthwith to convey and deliver into the custody of the Superintendent of the Massachusetts Correctional Institution, Concord, the body of

FRANK A. HOOKS

HAVING BEEN SURRENDERED IN COURT BY A PROBATION OFFICER THEREOF who stands convicted before the Justice of the Superior Court Department of the Trial Court, for Criminal Business, within and for the County of Suffolk, of the crime of

WILFULLY AND MALICIOSULY SETTING FIRE TO AND BURNING
A DWELLING HOUSE ( 266-1)

for which crime the said        Hooks                    is sentenced by said Court to be committed to the Massachusetts Correctional Institution, Concord in said County of Middlesex, there to be kept and governed, according to the rules and regulations of the Commissioner of Correction; for the term of  F I F T E E N ( 1 5 )   years and from and after this nineteenth      day of    January   in the year of our Lord one thousand nine hundred and  ninety-three; this sentence to take effect FROM & AFTER expiration of sentence imposed on # 1 0 0 1 4 0.  Deft. having been found in VIOLTN OF CNDTNS OF PRBTN, Court rebokes susp. of sentence of March 27, 1991, and orders Balance thereof imposed. (3-27-91 MCI-CONCORD 15 Yrs 9 months to be served-Bal. Susp- Prbtn 2 years).

And you the said Superintendent in the name of the COMMONWEALTH aforesaid, are hereby commanded to receive the said        Hooks into your custody in said Correctional Institution, and him there safely keep until the expiration of said  fifteen ( 1 5 )   years and or until he be discharged in due course of law.

Hereof fail not at your peril, and make return of this warrant, with your doings thereon, to the Office of the Clerk/Magistrate of said Court, as soon as may be.

WITNESS,    JOHN J. IRWIN, Jr.,
    ~~ROBERT A. MULLIGAN,~~    Chief  Justice of said Court and the seal thereof at Boston aforesaid, this   nineteenth     day of     January   in the year of our Lord nineteen hundred and  ninety-three

A TRUE COPY
ATTEST

P. A. 1

Frank Barbour
Assistant Clerk.

M. C. I. CONCORD - DEFINITE

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

To the Sheriff of said County of Suffolk, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Concord, in the County of Middlesex, in said Commonwealth.

GREETING:

We command you, and each of you, forthwith to convey and deliver into the custody of the Superintendent of the Massachusetts Correctional Institution, Concord, the body of

### FRANK  A.  HOOKS

HAVING BE_EN SURRENDERED IN COURT BY A PROBATION OFFICER THEREOF who/stands convicted before the Justice of the Superior Court Department of the Trial Court, for Criminal Business, within and for the County of Suffolk, of the crime of

### INTIMIDATION OF A WITNESS ( 268 - 13B)

for which crime the said        Hooks                    is sentenced by said Court to be committed to the Massachusetts Correctional Institution, Concord in said County of Middlesex, there to be kept and governed, according to the rules and regulations of the Commissioner of Correction; for the term of  F I V E ( 5 )            years and from and after this nineteenth    day of    January    in the year of our Lord one thousand nine hundred and        ninety-three; this sentence to be served CONCURRENTLY with CONCORD sentence imposed this day on # 0 9 0 6 0 1.  Deft. having been found in VIOLTN OF CNDTNS OF PRBTN, Court revokes susp. of sentence of March 27, 1991, and orders Balance thereof imposed. (3-27-91 MCI-CONCORD 5 Yrs 9 months to be served-conc w/ 090601 -Bal. Susp-Prbtn 2 years).

And you the said Superintendent in the name of the COMMONWEALTH aforesaid, are hereby commanded to receive the said    Hooks into your custody in said Correctional Institution, and him there safely keep until the expiration of said    five ( 5 )            years and or until he be discharged in due course of law.

Hereof fail not at your peril, and make return of this warrant, with your doings thereon, to the Office of the Clerk/Magistrate of said Court, as soon as may be.

WITNESS,      JOHN J. IRWIN, JR.
              ~~ROBERT A. MULLIGAN,~~    ... Chief  Justice of said Court and the seal thereof at Boston aforesaid, this    nineteenth      day January        in the year of our Lord nineteen hundred and ninety-three.

P.A. 2

Frank Barbour
Assistant Clerk.

· CONCORD - DEFINITE

Where girl has been sentenced to confinement in industrial school for girls while she was under age of seventeen years, and sentence then suspended, suspension may be revoked and girl committed to this institution, under this section, even after she has attained that age. 4 Op A G 628.

## § 3. Arrest of Person on Probation, etc.; Prompt Disposition of Case.

At any time before final disposition of the case of a person placed under probation supervision or in the custody or care of a probation officer, the probation officer may arrest him without a warrant and take him before the court, or the court may issue a warrant for his arrest. When taken before the court, it may, if he has not been sentenced, sentence him or make any other lawful disposition of the case, and if he has been sentenced, it may continue or revoke the suspension of the execution of his sentence. If such suspension is revoked, the sentence shall be in full force and effect. If a warrant has been issued by the court for the arrest of such a person and he is a prisoner in any correctional institution, jail or house of correction, the commissioner of correction, the sheriff, master or keeper of said house of correction, or in Suffolk county, the penal institutions commissioner of the city of Boston, as the case may be, having such prisoner under his supervision or control, upon receiving notice of such warrant, shall notify such prisoner that he has the right to apply to the court for prompt disposition thereof. Such an application shall be in writing and given or sent by such prisoner to the commissioner of correction, or such sheriff, master, keeper, or penal institutions commissioner, who shall promptly forward it to the court from which the warrant issued, by certified mail, together with a certificate of said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner, stating (a) the term of commitment under which such prisoner is being held, (b) the amount of time served, (c) the amount of time remaining to be served, (d) the amount of good time earned, (e) the time of parole eligibility of such prisoner, and (f) any decisions of the board of parole relating to such prisoner. Said commissioner of correction, sheriff, master, keeper, or penal institutions commissioner shall notify the appropriate district attorney by certified mail of such application to the court. Any such prisoner shall, within six months after such application is received by the court, be brought into court for sentencing or other lawful disposition of his case as hereinbefore provided.

In no case where a provision of this chapter provides for a finding, disposition or other order to be made by the court, or for a warrant to be issued, shall such be made or issued by any person other than a justice, special justice or other person exercising the powers of a magistrate.

P. A. 3

for parole. Henschel v. Commissioner of Correction (1975) 330 N.E.2d 480, 368 Mass. 130.

Section 8A of this chapter relating to determination of the time of taking effect of sentence ordered to take effect from and after expiration of previous sentence is aimed only at insuring that prisoner would not be freed from custody for remainder of term of one sentence only to be reincarcerated at end of the term in order to serve a second sentence imposed from and after expiration of the first, and § 8A permits second sentence to take effect as early as parole eligibility date of first sentence. Henschel v. Commissioner of Correction (1975) 330 N.E.2d 480, 368 Mass. 130.

Effect of a sentence from and after completion of the sentence defendant "is now serving" was to make the sentence consecutive only with respect to sentence then being served and not with respect to the other sentences which had been imposed previously but which were not then being served. Henschel v. Commissioner of Correction (1975) 330 N.E.2d 480, 368 Mass. 130.

If judge intends that the sentences he is imposing should be in addition to the aggregate of all previous sentences he should sentence from and after the expiration of all previous sentences which defendant has been ordered to serve. Henschel v. Commissioner of Correction (1975) 330 N.E.2d 480, 368 Mass. 130.

Neither fact that first two sentences were to be served consecutively nor fact that, for purposes of parole eligibility, minimums were aggregated operated to extinguish separate identities of sentences, and where first sentence was still being served at time third sentence was imposed, which sentence was "to take effect from and after the expiration of any sentence said defendant is now serving," third sentence was to be served concurrently with second sentence and computation of eligibility for parole

and maximum discharge date was to be determined from that basis. Baranow v. Commissioner of Correction (1973) 297 N.E.2d 67, 1 Mass.App.Ct. 831.

Failure of parole board, which revoked parole as of date defendant committed alleged offenses while on parole, to serve revocation warrants, thus allegedly rendering it impossible for trial judge to make sentences on parole-time violations concurrent with unserved balance of earlier sentences, was not interference by board with judicial function, and did not work denial of equal protection of laws. Com. v. McGarty (1967) 222 N.E.2d 877, 351 Mass. 707.

**11. Review**

Where identical terms of imprisonment were imposed under both counts of indictment and sentences were to run concurrently, appellate court was not required to consider accused's contentions respecting one count of indictment where it sustained conviction as to other count. Deacon v. U. S., 1941, 124 F.2d 352.

Where petitioner prevailed on his contention that it was impermissible for him to be sentenced both to life imprisonment on two counts of murder and to consecutive term of life imprisonment for armed robbery of one murder victim, Supreme Judicial Court would not remand to permit appellate division to impose life sentence on armed robbery conviction to run concurrently with life sentence for murder and to impose consecutive life sentence on other murder conviction, since, if two consecutive life sentences without possibility of parole were imposed for murders, petitioner would be worse off than he was when he had two concurrent life sentences without possibility of parole followed by life sentence for armed robbery subject to parole. Shabazz v. Com. (1982) 439 N.E.2d 760, 387 Mass. 291.

## § 8A. Determination of time of taking effect of sentence; "from and after" sentence

For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous sentence, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise. Nothing in this section shall be construed to alter or control any provision of section one hundred and thirty-one or one hundred and forty-nine of chapter one hundred and twenty-seven.

**Historical and Statutory Notes**

St.1924, c. 165.

P. A. 3A

*56*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                          DOCKET NO. 100140

# ☓ 1

COMMONWEALTH OF MASSACHUSETTS

v.

FRANK HOOKS

## MASS. R. CRIM. P. 30(a) AND (b)

The defendant respectfully moves this Honorable
Court to view the following Rule 30 Motion
liberally pursuant to the Substantial Risk of
Miscarriage of Justice, Standard. Commonwealth
v. Curtis, 417 Mass. 619, 632 N.E.2d 821 (1994)
at n. 4.

P. A. 4

*57*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    DOCKET NO. 100140.

COMMONWEALTH                )
                            )
                            )
          v.                )
                            )
                            )
FRANK HOOKS                 )

## MOTION FOR EVIDENTARY HEARING

Now comes the Defendant in the above-entitled matter respectfully moving this Honorable Court pursuant to Rule 30(a) and (b), Mass.R.Crim.P. for an Evidentary Hearing on the claims presented in the attached Rule 30 Motion.

As reasons heretofore, the defendant states that he is entitled by law to be released from unlawful restraint andor receive a new trial. Affidavit attached hereto.

Date: 08/10/    2002

Respectfully submitted,

Frank Hooks
NCCI Gardner Medium
P.O. Box 466
Gardner, MA 01440

P.A. 5

# Commonwealth of Massachusetts

### Appeals Court for the Commonwealth

### At Boston,

In the case no. 02-P-1410

COMMONWEALTH

*vs.*

FRANK HOOKS

Pending in the Superior

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Order denying motion for
new trial affirmed.

By the Court,

_____ ,Clerk

Date _____ June 25, 2003.

NOTE:

The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23

APPEALS COURT

P.A.6

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

02-P-1410

COMMONWEALTH

vs.

FRANK HOOKS.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

This is an appeal from the denial of the defendant's pro se
motion for new trial. See Mass.R.Crim.P. 30, as amended, 435
Mass. 1501 (2001). In his motion, the defendant contends that
trial counsel was ineffective because he failed to (1) adequately
argue misidentification at trial; (2) effectively represent the
defendant at sentencing; and (3) establish the authenticity of,
and use as impeachment evidence at trial, a letter purportedly
written by Yvonne Dowdy in which Dowdy recanted her
identification of the defendant at the crime scene.

We affirm the denial of the defendant's new trial motion
substantially for the reasons and upon the authorities provided
in the Commonwealth's brief at pages 18 through 32. A rule 30
motion may not be used to compel review of issues on which the
defendant has already had appellate review or issues on which the
defendant has foregone the opportunity for such review. See
Commonwealth v. Balliro, 437 Mass. 163, 166 (2002). On direct
appeal, we affirmed the defendant's conviction of manslaughter in

affidavit nor his factual assertions adequately support his contention. Even many years after learning of the Dowdy letter, the defendant has made absolutely no showing as its authenticity. See <u>Commonwealth</u> v. <u>Colantonio</u>, 31 Mass. App. Ct. 299, 302 (1991); <u>Commonwealth</u> v. <u>Kelly</u>, 57 Mass. App. Ct. 201, 209-210 (2003).

<u>Order denying motion for new trial affirmed</u>.

By the Court (Grasso, McHugh & Cohen, JJ.),

Clerk

Entered:  June 25, 2003.

04/07/03                  COMMONWEALTH OF MASSACHUSETTS                    Page 1
                              SUPREME JUDICIAL COURT
                               FOR SUFFOLK COUNTY

                                 SJ-2003-0097

                        FRANK HOOKS v. LYNN BISSONNETTE

```
┌──────────────────────────────────────────────────────────────────────────┐
│   ENTRY DATE 03/06/03        CASE STATUS Transferred to Trial Ct           │
│  STATUS DATE 03/06/03            NATURE Habeas corpus                       │
│      JUSTICE I                 SUB NATURE                                   │
│ PET ROLE L CT              TC DISPOSITION                                   │
│ SJ DISPO DATE 03/06/03     SJ DISPOSITION Transfer to Trial Court          │
│     LEAD CASE                   RELATION                                    │
│   TRIAL JUDGE                   TRIAL CT                                    │
│ TC ENTRY DATE              TC RULING DATE                   CLERK GS        │
│  TC DOCKET NO                FC/OE DKT NO                PUBLIC y           │
└──────────────────────────────────────────────────────────────────────────┘
```

Frank Hooks
Pro Se Petitioner
NCCI Gardner Medium
P.O. Box 466
Gardner MA 01440
Active 03/06/03 Notify

Lynn Bissonnette                    Nancy Ankers White, Esquire
Respondent                          Mass. Correction Department
Active 03/06/03                     Legal Division
                                    70 Franklin Street   Suite 600
                                    Boston MA 02110-1300
                                    Phone: 617-727-3300 124
                                    Fax: 617-727-7403
                                    525550 Active 03/06/03 Notify

Worcester Superior Court Dept.
(Lower Court: civil or general)
Clerk for Civil Business
2 Main Street, Room 21
Worcester MA 01608
Phone: 508-756-2441
Active 03/06/03 Notify

                        * * *  D O C K E T  * * *
------------------------------------------------------------------------------
PAPER DATE      ENTRY
------  -------  --------------------------------------------------------------

       03/06/03 Case entered. (THE INFORMATION FROM THIS CASE WAS TRANSFERRED
                FROM PS-2003-0003)

1.0 03/06/03 Affidavit of Indigency filed by Frank Hooks, pro se. (IMPOUNDED
                PAPERS)

2.0 03/06/03 Motion to Waive Filing Fee filed by Frank Hooks, pro se.

       03/06/03 Filing fee waived. (Per ges)

04/07/03
COMMONWEALTH OF MASSACHUSETTS
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
Page 2

SJ-2003-0097

FRANK HOOKS v. LYNN BISSONNETTE

* * *  D O C K E T  * * *

--------------------------------------------------------------------------
| PAPER | DATE | ENTRY |
| ------ | -------- | ---------------------------------------------------- |
| 3.0 | 03/06/03 | Habeas Corpus Ad Subjiciendum filed by Frank Hooks, pro se. |
| 4.0 | 03/06/03 | Memorandum of Law in Support of Motion for Habeas Corpus Ad Subjiciendum filed by Frank Hooks, pro se with Certificate of Service and exhibits. |
| 5.0 | 03/06/03 | Petitioner's Affidavit in Support of Habeas Corpus Ad Subjiciendum filed by Frank Hooks, pro se. |
| 6.0 | 03/06/03 | ORDER: case transferred to Worcester Superior court. (Ireland, J.) |
| 7.0 | 03/07/03 | Notice to counsel, regarding paper number 6 filed. |
| 8.0 | 04/04/03 | Letter to Maura D. Doyle, Clerk of the Court from Frank Hooks saying..."Please send me an up-to-date docket entry sheet..." |
| | 04/07/03 | An updated docket sheet was mailed to Frank Hooks as requested. (See paper #8) (lav) |

P 1

Commonwealth of Massachusetts
County of Worcester
The Superior Court

Civil Docket **WOCV2003-00506**

RE:    Hooks v Bissonnette Superintendent

TO:    Frank Hooks
       NCCI Gardner Medium
       PO Box 466
       Gardner, MA 01440

_____

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **01/14/2004**:

*RE: Lynn Bissonnette Superintendent's request for ruling on motion for reconsideration*

**is as follows:**

**MOTION (P#18) DENIED The decision of the court dated 4/22/03 accuratley addresses the issues .The plff. has not substantiated any basis for reconsideration. (John P. Connor, Jr. , Justice) Notices mailed January 16, 2004**

Dated at Worcester, Massachusetts this 16th day of January, 2004.

                              Francis A. Ford,
                              Clerk of the Courts
                    BY:

                              Alexander Rodriguez, III
                              Assistant Clerk

Telephone: 508-770-1899, Ext. 125 or Ext. 105 (Session Clerk)

Copies mailed 01/16/2004

P.A. 12

cvdresult_2.wpd 994362 motden marchand

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

Civil Docket **WOCV2003-00506**

RE:    Hooks v Bissonnette Superintendent

TO:    Frank Hooks
       NCCI Gardner Medium
       PO Box 466
       Gardner, MA 01440

---

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **01/14/2004**:

*RE: Frank Hooks's MOTION for calendar date hearing*

**is as follows:**

**MOTION (P#20) DENIED - See ruling of court dated 4/22/03. (John P. Connor, Jr., Justice) Notices mailed January 16, 2004**

Dated at Worcester, Massachusetts this 16th day of January, 2004.

Francis A. Ford,
Clerk of the Courts

BY:

Alexander Rodriguez, III
Assistant Clerk

Telephone: 508-770-1899, Ext. 125 or Ext. 105 (Session Clerk)

Copies mailed 01/16/2004

P A 13

*93.P-780*

Volume:      8
Pages:       1-19
Exhibits:    A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                    SUPERIOR COURT DEPARTMENT

```
* * * * * * * * * * * * * * * *
                                *
COMMONWEALTH OF MASSACHUSETTS,  *
                    Plaintiff,  *
                                *
        VS                      *      Criminal Business
                                *
FRANK A. HOOKS,                 *      No. 100140
                    Defendant   *
* * * * * * * * * * * * * * * *
```

## DAY SIX OF TRIAL

BEFORE:   The Honorable James D. McDaniel, Jr., J.

PLACE:    Suffolk Superior Courthouse
          New Courthouse, Pemberton Square
          Room 815, 6th Criminal Session
          Boston, Massachusetts  02108

DATE:     Tuesday, January 19, 1993

TIME:     9:00 a.m.

-----------------------------

JACQUES REPORTING SERVICES
Professional Court Reporters
Seven Pecksuot Road
North Weymouth, Massachusetts  02191
(617) 337-4447

8-2

# A P P E A R A N C E S

Daniel Conley, Esquire
Assistant District Attorney
Middlesex Superior Court
40 Thorndike Street
Cambridge, Massachusetts  02141
    FOR:  The Commonwealth


William M. White, Jr., Esquire
(Davis, Robinson & White)
15 Court Square
Boston, Massachusetts  02108
    FOR:  Frank A. Hooks

8-3

## I N D E X

**EVENT**

**PAGE**

Sentencing . . . . . . . . . . . . . . . . . . . 4

————————————

**WITNESS**                    **DIRECT**  **CROSS**  **REDIRECT**  **RECROSS**

NONE

————————————

## E X H I B I T S

**NO.**  **DESCRIPTION**

**PAGE**

A   Defendant's Pro Se Motion. . . . . . . . . . 5

# P R O C E E D I N G S

THE CLERK:    At this time we have before the Court the matter of Frank Hooks on Indictment Number 100140.  On January 8, 1993, the jury returned a verdict of guilty as so much of this indictment as alleges voluntary manslaughter.  Representing the defendant is Attorney William White.  Representing the Commonwealth is Assistant District Attorney, Dan Conley.

Mr. Hooks has filed several motions in this matter.  The defendant has also filed a pro se amended memorandum of law in support of defendant's motion to dismiss the indictment.

THE COURT:    Who filed it?

THE CLERK:    Mr. Hooks.

THE COURT:    It's not his counsel filing, is it?

THE CLERK:    No, it isn't, Your Honor.  Mr. White.

THE COURT:    Mark it for identification or whatever you want.  I don't

8-5

1    act on such motions.

2

3                          (Exhibit Letter A, Defendant's

4                          Pro se Motion, marked for

5                          identification)

6

7                          THE CLERK:    Exhibit A so marked,

8    Your Honor.

9                          THE COURT:    Okay, Mr. White.

10                         MR. WHITE:    If I may, Your

11   Honor.

12                         THE COURT:    You want to be heard

13   on this motion here for discharging the jury?

14                         MR. WHITE:    Yes, Your Honor.

15                         THE COURT:    All right.

16                         THE CLERK:    For the record, Your

17   Honor, I understand that the motion was filed

18   within the clerk's office in the five-day

19   period.  I cannot -- I went down to the clerk's

20   office.  I could not find that motion.

21                         THE COURT:    I'll take his word

22   for it.

23                         THE CLERK:    Right.

24                         MR. WHITE:    I think the

8-6

1   affidavit pretty much spells it out, Your Honor.

2   The only thing that I would add to that is there

3   was no testimony during the course of the trial

4   that established the -- who the decedent was in

5   the case.  There were people who testified that

6   it was George Webster who was stabbed or taken

7   from the building.  There was no one to identify

8   the photograph of George Webster.  None of the

9   civilian witnesses -- there was no one who

10  independently identified George Webster as

11  actually being that person.

12           And in that regard, Your Honor, I

13  would ask the Court to consider that even in a

14  light most favorable to the Commonwealth, that

15  the Commonwealth failed to meet its burden

16  there.

17           THE COURT:   Motion denied and

18  your objection is noted.  This motion to

19  withdraw.  I don't -- no motions to withdraw are

20  allowed by the Court until such time as this

21  case has been to the Appellate Division.  That's

22  a standing rule.  Maybe you don't know that.

23           MR. WHITE:   It's --

24           THE COURT:   Some people don't

1   know that, but the reason -- there's a very good

2   reason for it.  Because usually when the case

3   gets down to the Appellate Division, there's a

4   big delay down there with appointment of counsel

5   because counsel says, "We've got to get a

6   transcript because we don't know what happened

7   at the trial", and his appeal in the Appellate

8   Division will go on and on.  It could go on for

9   years down there.

10           So we do not permit motion for

11  counsel to withdraw until such time as the

12  matter is heard at the Appellate Division.

13  After the matter has been to the Appellate

14  Division, you may withdraw.

15           MR. WHITE:   I would just like it

16  filed, Your Honor.

17           THE COURT:   You can file it, but

18  I'm not going to act on it.  The notice of

19  appeal to the Appellate Division, that's filed.

20  Notice of appeal, although it's -- it will be

21  timely after I make a ruling today, and --

22  because there's no judgment.  You can only

23  appeal from a final judgment.

24           But that motion is not going to

1    be allowed until the case has been heard by the

2    Appellate Division.

3                    All right, what did you

4    recommend?

5                    MR. CONLEY:   I recommended a

6    sentence of eighteen to twenty years at MCI

7    Cedar Junction.  Just to --

8                    THE COURT:   Okay.  What do you

9    want to say, Mr. White?

10                   MR. WHITE:   Well, Your Honor,

11   has heard the case, has heard all of the facts

12   in this case and has heard something about Mr.

13   Hooks' background.  I believe at this point that

14   Mr. Hooks would like to address you himself.  If

15   the Court would --

16                   THE COURT:   No.  I don't listen

17   to defendants addressing the Court.  Well, he

18   can address the Court.  Yes.  I'll allow that,

19   yes.  What does he want to say?

20                   MR. HOOKS:   I'd just like to

21   say, Your Honor, --

22                   COURT REPORTER:   Please speak

23   up.

24                   MR. HOOKS:   -- during the

1    preparation of trial in this matter I was given

2    several opportunities to address the Court on

3    many issues and that may have been

4    misinterpreted as disrespect to the United

5    States judicial system.  I'm asking Your Honor

6    to disregard it, if, in fact, he did feel

7    disrespect in any way at all.

8                    THE COURT:  That won't have

9    anything to do with anything I did anyway.  I

10    don't feel that way.  But even if I did, that

11    wouldn't have anything to do with the

12    sentencing.  That is not a matter that would

13    have anything to do with the sentencing.  Many

14    people often times make remarks in the heat of

15    battle, so to speak, that they don't actually

16    mean at the time, but I can understand the

17    trying circumstances under which the case was

18    tried.  I mean, murder is a very serious charge

19    and people get charged up as a result of it.

20    Because there's a great deal at stake.  I can

21    understand that.

22                    MR. HOOKS:  Thank you.

23                    THE COURT:  All right.  In fact,

24    I did not find anything you did that was

1    disrespectful or intentionally disrespectful

2    anyhow.  So that's not even an issue in the

3    case.

4                    MR. WHITE:   Your Honor, with

5    regard to sentencing, the Commonwealth has

6    recommended a sentence of eighteen to twenty

7    years.  And I've had an opportunity since the

8    time of the verdict to determine this case to

9    consider the offenses for which Mr. Conley

10   referred in his recommendation and I have had an

11   opportunity speak with probation about

12   appropriate sentencing pursuant to the

13   guideline.

14                    And pursuant to the guidelines,

15   Your Honor, a sentence in the range of -- a

16   lower range of forty-eight months and an upper

17   range of eighty-eight months is a -- would be

18   appropriate in this case.  Which would require a

19   sentence on the low end of six years and a

20   sentence on the upper end of eleven years.  And

21   in consideration of Mr. Hooks' offense, I would

22   ask the Court to consider imposing a sentence of

23   eleven years as a base number, Your Honor, and

24   an upper end at the Court's discretion.

1     And I'd ask that that sentence

2    there is a -- I understand that there is a

3    probation matter which is outstanding.  I'd ask

4    that this sentence be a forthwith sentence.

5              THE COURT:  Well, the probation

6    matter, is that before me?

7              PROBATION OFFICER:  I believe it

8    is, Your Honor.  I'm standing in for probation

9    officer Kevin Duggan.  I was assigned to this

10   session and I can read to you what he wants as a

11   recommendation --

12             THE COURT:  Okay.  Well, swear

13   in the --

14             PROBATION OFFICER:  -- at the

15   appropriate time.

16             THE COURT:  Swear in the

17   probation officer.

18             THE CLERK:  Do you solemnly

19   swear that the evidence that you shall give to

20   the Court shall be the truth, the whole truth,

21   and nothing but the truth, so help you God?

22             THE PROBATION OFFICER:  I do.

23             THE COURT:  Okay.  What's the --

24   the basis I guess is a new indictment?

8-12

THE PROBATION OFFICER:   This
indictment and now a conviction and the
sentencing.

MR. WHITE:   If Your Honor, --
excuse me, if I may?  As far as the surrender is
concerned, I understand Attorney Mondano had
been appointed to that.  I don't believe I was
appointed to represent Mr. Hooks on that.

THE COURT:   Well, you're
appointed now.  Now, if you want to time to go
over that, you can, but you know the mere fact
that the man is indicted is sufficient to
warrant surrender.

MR. WHITE:   I have spoken to Mr.
Duggan and --

THE COURT:   Yes.  File an
appearance in that case.  All right.  Go ahead.

THE PROBATION OFFICER:   Your
Honor, I've been told --

THE COURT:   Is this the arson
case?

THE PROBATION OFFICER:   Yes.
Arson and intimidation of a witness.  It must
have related to the arson case.  Do you want me

8-13

to give you the whole background of this?

                THE COURT:    Yes.

                THE PROBATION OFFICER:    And
follow through with the --

                THE COURT:    Yes.

                PROBATION OFFICER:    -- final
surrender hearing, Your Honor?

                THE COURT:    Yes.

                THE PROBATION OFFICER:    Okay.
Your Honor, Mr. Hooks appeared in Suffolk
Superior Court on March 26th, 1991, before
Justice Volterra, the Suffolk Docket Number is
090601, which charged arson and as a result of
an Alford Plea, he received fifteen years MCI
Concord, nine months to serve, balance
suspended, probation two years.

                In addition to that, Your Honor,
on the same date he appeared in Suffolk Superior
Court for Docket Number 093716, which charged
intimidation of a witness.  And on that he
received, again as a result of an Alford Plea,
five years, MCI Concord, nine months to serve,
balance suspended, probation two years, to run
concurrently with the Docket Number 090601.

JACQUES REPORTING

8-14

1          Mr. Duggan has, as a

2    recommendation Your Honor, that as a result of

3    the indictment -- the murder indictment and

4    today's sentencing that the probation on both

5    those docket numbers be revoked and the

6    sentences be imposed to run from and after

7    today's sentence, but for these to run

8    concurrently with each other.

9          THE COURT:   So how much time --

10   he only did nine months on a fifteen year

11   sentence?

12         THE PROBATION OFFICER:   He did

13   nine months on the fifteen, and he did nine

14   months also on the five.

15         THE COURT:   On the five.  Were

16   those two sentences concurrent on the first

17   place?

18         THE PROBATION OFFICER:   Yes,

19   they were, Your Honor.

20         THE COURT:   First of all, I

21   don't give out any forthwith sentence.  I find

22   he's in violation of the terms and conditions of

23   his probation.  And it's a question of -- and

24   the prior suspended sentences are revoked, but

1   the question is, which way to run those

2   sentences.

3                 MR. WHITE:   I'd certainly ask

4   that they be run concurrently.

5                 THE COURT:   No, I'm not -- well,

6   I'm not going to run them concurrent.  I'm not

7   going to run them concurrent.  He was on

8   probation when he committed this offense.   I

9   mean on -- on probation, yes.  He was on

10  probation when he committed this offense.  One

11  of the concerns with this case was that this man

12  went over to somebody else's house and got into

13  a confrontation and it ended up in a man's

14  death, in his own house.

15                 And from all the testimony in the

16  case, there was no reason for him to be there

17  that I could see.  I saw no evidence that

18  warranted his presence at that place at that

19  time.  None.

20                 And a man on probation shouldn't

21  be going around assaulting people.  Shouldn't

22  even have been there.  It's a very serious

23  offense, while he was one -- he's doing a

24  fifteen -- he had a fifteen year Concord hanging

```
 1          Indictment Number --

 2                         THE COURT:   Okay.

 3                         THE CLERK:   -- 1001 --

 4                         THE COURT:   File an appearance

 5     for that probation matter.

 6                         MR. WHITE:   I will, Your Honor.

 7                         THE COURT:   Okay.   I'll sign

 8     this.

 9                         THE CLERK:   Okay, Your Honor.

10

11                         WHEREUPON:

12                                 The matter was

13     concluded.

14

15

16

17

18

19

20

21

22

23

24
```