```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FRANK HOOKS,                    )
         Petitioner,            )
                                )
     v.                         )   C.A. No.  04-11541-NG
                                )
BERNARD BRADY,                  )
         Respondent.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, the pending motions are denied and petitioner shall demonstrate good cause (1) why his petition should not be summarily dismissed and (2) why he should not be enjoined from filing further habeas actions without leave of court.

BACKGROUND

On July 9, 2004, petitioner Frank Hooks, an inmate at Old Colony Correctional Center, filed his self-prepared habeas petition entitled "Petitioner's Habeas Corpus Ad Subjiciendum" accompanied by a Motion to Waive Costs and Filing Fees.  See Docket.

The instant action is Mr. Hooks's sixth habeas action in this district.  See  Hooks v. Bissonnette, C.A. No. 03-10725-NG (§ 2254; dismissed); Hooks v. Marshal, C.A. No. 98-40189-NMG (§ 2254; voluntary dismissal); Hooks v. Matesanz, C.A. No. 97-11955-NG ((§ 2254 action; dismissed); Hooks v. Marshall, C.A. No. 96-40012-NMG (§ 2254; voluntary dismissal); and Hooks v. Marshall, C.A. No. 95-12740-NG (§ 2254 action; dismissed).

Mr. Hooks was also a plaintiff in four civil rights actions. See Hooks v. Harshbarger, C.A. No. 98-10144-DPW (§ 1983 action; voluntary dismissal); Hooks v. Verdini, C.A. No. 97-40005-NMG (§ 1983 action; dismissed for want of prosecution); Mahdi, et al. v. Marshall, C.A. No. 96-40214-NMG (multi-plaintiff § 1983 action; judgment for defendants); and Hooks v. Dubois, C.A. No. 95-11976-DPW (§ 1983 action; judgment for defendants).

By Procedural Order dated August 11, 2004, petitioner's Motion to Waive Costs was denied and petitioner was granted additional time to either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees. See 8/11/04 Procedural Order (Docket No. 4). The Court's records indicate that petitioner paid the $5.00 filing fee on August 27, 2004.

Since that time, petitioner filed a Motion for Order to Show Cause (Docket No. 6); two Motions for Evidentiary Hearing (Docket Nos. 7, 9); and a Motion for Writ of Habeas Corpus ad testificandum (Docket No. 8).

## DISCUSSION

### I.  The Petition is Subject to Dismissal

Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must specify all grounds of

relief that are available to the petitioner and set forth in summary form the facts supporting each ground of relief.  Rule 2(c).  The petition must also state the relief requested and be signed under the penalty of perjury.  Id.

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

Here, the petition is in the form of a legal brief and has not been signed under the penalty of perjury.  More importantly, however, is that it appears Mr. Hooks again seeks to challenge the manner in which the arson sentence was imposed after his probation revocation. However, he has not sufficiently alleged exhaustion.

Because the pleading filed by petitioner does not substantially comply with the requirements outlined in Rule 2, petitioner will be granted additional time to show cause why his pleading should not be

dismissed.  See Rule 2(e) (court may direct the return of non-conforming petition).

For these reasons, petitioner's habeas petition entitled "Petitioner's Habeas Corpus Ad Subjiciendum" is subject to summary dismissal.  If petitioner wishes to proceed with this action, he shall, within 42 days of the date of this order, show good cause, in writing, why this habeas action should not be summarily dismissed.

    II.   Petitioner Shall Demonstrate Good Cause
          Why He Should Not Be Enjoined From Filing

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).  Petitioner is advised that the continued filing of factually and legally deficient habeas petitions concerning his confinement may warrant an injunction barring him from filing additional lawsuits without the aid and signature of counsel or unless specifically authorized by the Court.  See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an

injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. U.S. Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1709 (1st Cir. 1980) (same).

ORDER

Accordingly, it is hereby

ORDERED, the petitioner is directed to demonstrate good cause, in writing, within forty-two (42) days from the date of this Memorandum and Order, why this habeas action should not be summarily dismissed; and it is further

ORDERED, the petitioner is directed to demonstrate good cause, in writing, within forty-two (42) days from the date of this Memorandum and Order, why he should not be enjoined from filing new habeas actions absent leave of Court; and it is further

ORDERED, petitioner's Motion for Order to Show Cause (Docket No. 6) is DENIED; and it is further

ORDERED, petitioner's two Motions for Evidentiary Hearing (Docket Nos. 7, 9) are DENIED; and it is further

ORDERED, petitioner's Motion for Writ of Habeas Corpus ad testificandum (Docket No. 8) is DENIED.

SO ORDERED

Dated at Boston, Massachusetts, this <u>2nd</u> day of <u>December</u>, 2004.

                              <u>/s/ Nancy Gertner</u>
                              NANCY GERTNER
                              UNITED STATES DISTRICT JUDGE