UNITED STATES DISTRICT COURET
DISTRICT OF MASSACHUSETTS

FRANK HOOKS                )
    PETITIONER,        )
               )
    V.                     )        C.A. NO. 04-11541-NG
               )
BERNARD BRADY,            )
    RESPONDENT.        )

## PETITIONER'S REPLY TO COURT ORDER TO DEMONSTRATE GOOD CAUSE

Now comes the petitioner, in compliance with this Court's Order of December 2, 2004, requiring him to demonstrate good cause for (1) why his petition should not be summarily dismissed and (2) why he should not be enjoined from filing further habeas actions without leave of court.

### HABEAS CLAIMS SUMMARIZED

The petitioner's sole claim is that the duration on the suspended portion of his Reformatory sentences has expired; thus the respondent's custody stands in violation of the United States Constitution and fundamental laws of the Commonwealth of Massachusetts.

Put another way, if the effective date of the suspended portion of his (A) and (B) sentences was January 19, 1993, when the second judge revoked the probation, the law requires that those sentences were expired by the judge's imposing of the (C) sentence. See Henschel v. Commissioner of Correction, 368 Mass. 130, 330 N.E. 2d 480 (1975) id. at 484 citing Brown v. Commissioner of Correction, 336 Mass. 718, 723-724, 147 N.E. 2d 782 (1958).

STATUTORY GOOD TIME
FACTS FOR CALCULATING EXPIRATION DATE FOR  SENTENCE (A)

The Original effective date for the petitoner's (A) and (B) sentences is January 17, 1991.

Pursuant to M.G.L. c. 127 § 129D the petitioner is entitled to 12.5 days of Statutory Good Time per month which is deducted from the 15 year Concord sentence, a reduction of 6 years 8 months.

With the Statutory Good Time, the petitioner's conviction for arson would be made complete in 8 years 10 months **minus the 9 months already served prior to revocation of his probation and before the (C) sentence was made effective in 1993.**

LEGAL CLAIMS PRESENTED BUT UNADJUDICATED IN STATE COURT

1.    A suspended suentence begins i.e. becomes effective on date probation is revoked. Correct interpretation of G.L.c. 279 § 3.

2.    The judge that imposed the third sentence then revoked the probation on the first two sentences but ordered those sentences stayed for eleven years eight months, recommitting the probationer to the first two sentences from and after the third sentence abused his discretionary power.

3.    The petitioner has a due process right to fairness and finality on all sentences imposed prior to commencement of a third sentence.

SUMMARY OF THE FACTS

On January 17, 1991 the petitioner, then a defendant before Suffolk Superior Court, Judge, Vieri Volterra, entered an Alford Plea, pursuant to Indictment No,s 090601 and 093716, and a Committment Order was Issued by the Clerk of Court to the State Department of Correction which provided that the petitioner was

2.

required to serve two Reformatory sentences concurrently, forthwith.

On the (A) sentence, which charged arson, the Court imposed a sentence of fifteen years at MCI Concord, nine months committed, balance suspended, two years probation; effective immediately.

On the (B) sentenec which charged intimadation of a witness, the Court imposed a sentenec of five years at MCI Concord, nine months committed, balance suspended, two years probation; to run concurrently with sentence (A), effective immediately.

After serving nine months on both Concord sentences the petitioner was released to the probation Department of the Suffolk Superior Court; however, was rearrested and charged with murder on September 27, 1991.

On January 19, 1993 the petitioner was sentenecd by a second judge to fifteen years at MCI Walpole, the (C) sentenece; effective immediately.

After the second judge imposed the (C) sentence he revoked the probation on the petitioner's suspended Concord sentences and Ordered them stayed for eleven years eight months; those sentences to become reeffective from and after termination of the (C) sentence to MCI Walpole.

### WHY THE PETITION SHOULD NOT BE SUMMARILY DISMISSED

The petition should not be summarily dismissed because, this Honorable United States District Court has decided that a proper or more effective procedure would be to grant the petitiner time to show good cause for whu it should not be dismissed.

3.

Accordingly, the Court opted to return the petition for its lack of compliance with Rule 2(e), of the Rules Governing § 2254 Cases in the United States District Court, particularly, its lack of appropriate Prayer For Relief and summary form of the facts supporting each ground of relief; as well as for the petitioner's failure to sign the petition under the pains and penalties of perjury.

Congress long ago expressed it's desire that formalities not lead to "a rejection of otherwise meritorious claims," where Rule 2(e) of the Rules Governing § 2254 Cases are concerned; and it appears that a Court may retain jurisdiction over the case while the petition is returned  for correction or amendment. See e.g. Adams v. Armontrout, 897 F.2d 332, 334 n. 2 (8th Cir. 1990) (court orders return of facially defective petition but permits petitioner to refile because dismissal is without prejudice).

Our Courts have also discussed the need for a liberal interpretation of pro se prisoner's pleadings. See United States v. Mosquera, 845 F.2d 1122, 1124 (1St Cir. 1988).

The Habeas Rules encourage Federal Courts at the least to call upon the state's attorney to respond to ambiguous pro se allegations and direct the court to relevent portions of the record because the Attorney General has both the legal expertise and access to the record and thus is in a much better position to inform the court on certain matters. See Advisory Committee Note to Rule 5 of the Rules Governing § 2254 Cases.

In the matter of Williams v. Kullman, 722 F.2d at 1051 the Court listed alternatives to summary dismissal. Our Courts have

4.

established that petitions may be amended. See Porcaro v. United States, 832 F.2d 208, 210-12 (1St. Cir. 1987).

In the instant case the State Respondent would not be prejudiced by this Honorable Court's decision to grant the petitioner time show good cause, correct or amend his petition.

ENTITLEMENT TO HABEAS RELIEF

I.   Effective date of suspended sentence after revocation:

The United Sttes Supreme Court ruled that Habeas Corpus is available to effect discharge from any confinement contrary to the Constitution or fundamental laws, even though imposed by a court of competent jurisdiction. Presier v. Rodriguez, 411 U.S. 475 (1973).

The penalties imposed on the petitioner by the judge that sentenced him to the original commitment on the MCI Concord sentences is the expression of the penalties expected by that Court as well as the petitioner, should the petitioner's pro-bation be revoked; namely, that "[i]f such suspension is revoked, the sentence shall be in full force and effect, forthwith."

In the matter of Henschel v. Commissioner of Correction, 368 Mass. 130, 330 N.E. 2d 480 (1975), the Court held that the Legislative history of G.L. c. 279 § 8A, "... was aimed only at ensuring that a prisoner would not be freed from custody for the remainder of one sentence only to be reincarcerated at the end of the term in order to serve a second sentence imposed from and after the expiration of the first." Id. at 484 citing Brown v. Commissioner of Correction, 336 Mass. 718, 723-724, 147 N.E.2d 782 (1958). The effect of the enactment was thus to

5.

permit the "second sentence to take effect as early as the parole eligibility date of the first sentence which facilitates rather than precludes the considering of consecutive sentences together in order to arrive at one date of parole eligibility.

In the instant case the petitioner was denied the equal protection of the law where the second judge altered the first judge's Commitment Order to deprive him of the opportunity to have his Walpole sentence "take effect as early as the parole eligibility date of the Concord sentences; as a result, this petitioner's (A) and (C) sentences were not correctly aggregated causing undue prejudice to the petitioner.

Whatever the intented meaning of the judge's language with regard to the imposition of the suspended portion of the Concord sentences, it is clear that it was in sharp contrast with the specific language recommended by the earlier Court's. Cf. Commonwealth v. Layne, 25 Mass.App.Ct. 1, 514 N.E.2d 98 (1987) at 99 citing Henschel v. Commissioner of Correction, 368 Mass. 130, 133 (1975), for use when a judge intends a new sentence to commence after all sentences previously imposed, namely, "from and after  expiration of all previous sentences which the defendant has been ordered to serve."

There are exceptions to restrictions on a court's power to alter a sentence once a defendant has commenced to serve a period of probation; a court may always correct an illegal sentence and may also exercise the statutory discretion to revoke probation and impose sentence although such discretion

6.

may not be exercised in an arbitrary manner. <u>U.S. v. Bynoe</u>, 562
F.2d 126 (1977).

The law of this Commonwealth requires that, "[i]f such
suspension is revoked, the sentence shall be in full force and
effect," effective immediately. See <u>Commonwealth v. Herrera</u>,
52 Mass.App.Ct. 294, 752 N.E.2d 833 (2001) at 835 citing G.L.
c. 279 § 3, and <u>Commonwealth v. Holmgren</u>, 421 Mass. 224, 228
(1995).

In the instant case, the petitioner's claim that he was
prejudice by the second judge's judgment to impose his suspended
sentences in a manner which contradicts the statutory requirements
is supported by G.L. c. 279 §§ 3, 4, and 8A. The language of
M.G.L. c. 279 § 3, is compulsory; it says "[i]f such suspension
is revoked, the sentence '<u>shall be in full force and effect</u>."
(emphasis added). Thus, where the word "shall" is stated, it
makes the statute inconsistant with the Court's discretion.
Also see <u>U.S. ex rel Acorn v. Flynn</u>, 11 F.2d 899, 900 (W.D.N.Y.
1926).

Even the lower courts have permitted a defendant the right
of a forthwith sentence upon revocation of probation. See Rule
7(e) and Section (d)(iv) of the District Court Rules for
Probation Violation Proceedings; Rule 7(e) provides in relevent
part that: "Upon revocation of a probation order, any sentence
that was imposed for the crime involved, the execution of which
was suspended, '<u>shall be ordered executed forthwith</u>..."

Section (d)(iv), provides in relevent part that: "...[u]nder
<u>Commonwealth v. Holmgren</u>, 421 Mass. 224, 656 N.E.2d 577 (1995),

any sentence that was imposed, but its execution suspended
pending probation, must be ordered executed in its entirety
'upon revocation of probation.' This ruling was based on an
unambiguous statutory requirement in G.L. c 279 § 3.
(emphasis added).

Rule 7(e) and Section (d)(iv), referenced above must now
be applicable to Superior Court cases and therefore must also
be applicable to the instant case, as all are rooted in G.L.
c. 279 § 3, and Commonwealth v. Holmgren, supra. Thus, the
petitioner in the instant case has a Constitutional Right under
the Fourteenth Amendment to equal protection under the law,
which guarantees his entitlement to have the Reformatory sentences
i.e. the suspended portion, made effective on the date probation
was revoked.

## ENTITLEMENT TO HABEAS RELIEF

II.    Abuse of Diiscretionary Power:

Because there is nothing in the Probation Revocation
Statute M.G.L. c. 279 § 3 and 4, which authorized the second
judge to stay the petitioner's (A) and (B) sentences for eleven
years plus, while he served time for a new conviction, the
petitioner claims that the judge abused his discretion.

When the petitioner pleaded during the original matter
before Judge, Volterra, for which he was sentenced to his
Reformatory sentences, the judge was clear in her expression
of the sentence he would receive if his probation was revoked,
namely, automatic commitment and immediate commencement of
the suspended sentence.

8.

The Supreme Court in the matter of <u>Johnson v. Mabry</u>, 602
F.2d 167 (1979) at 170, determined that the addition of a clause
in a commitment order which imposed a further penalty on the
defendant was viod because such a penalty was not included as a
part of the [original] trial judge's oral pronouncement of the
sentence.  In so holding the Court noted that the penalties to
be imposed on the defendant "must have expression in the
sentence, and 'the sentence is the judgment.'" Id. at 464, 56
S.Ct. at 762.  The Court also added that the prisoner is to be
held in custody, not by virtue of the warrant of commitment,
but on account of the judgment and sentence" and further that
an order of commitment departing in matter of substance from the
judgment back of it is viod." Id. at 465, 56 S.Ct. at 762.

Notwithstanding it's lack of conformity, the petition
should not be dismissed because it does point to a real possility
of constitutional error as well as a violation of the fundamental
laws of the State of Massachusetts. <u>Aubut v. State of Maine</u>, 431
F.2d 688, 689 (1st Cir. 1970)

In the matter of <u>Meachum v. Fano</u>, (1976) U.S. 49 L.Ed.2d
451, 96 S.Ct. 2532, the Court indicated that liberty interest
may have either of two sources: it may originate in the Federal
Constitution or it may have it's roots in the State Law.

In the instant case the claimed violation exist in the State
judge's judgment and misapplication of the law with respect to
the time of the taking effect of a suspended sentence after
revocation, which does implicate due process rights under the
Federal Constitution. <u>Commonwealth v. Milton</u>, 427 Mass. 18 (1989)
<u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1973)

9.

In the instant case the petitioner sought to have the judgment of the second judge extinquished in the State Courts claiming, as he now claims, that the judge unconstitutionally stayed his suspended sentence for over eleven years, which is contrary to the statute.

This Commonwealth has long established that when ambiguity exist in the language of a criminal statute, we construe the statute strictly and resolves the ambiguity in favor of the defendant. Commonwealth v. Lupo, 394 Mass. 644 (1985)

Our Courts have also ruled that "[S]tatutory language should be given effect consistant with 'its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.'" See Commonwealth v. Clerk Magistrate of West Roxbury, 439 Mass. 352, 787 N.E.2d 1032 (2003) id. at 1035-36. The judge also ruled that "[i]t is a standard canon of statutory construction that the primary source of insight into the intent of the Legislature is the language of the statute." id. at 1035.

If there is any ambiguity existing in G.L. c. 279 § 3, as applied to the instant case, it is the phrase "Upon revocation 'shall be in full force and effect,'" which given its "plain meaning" is interpreted as the suspended portion of the defendant's sentences became effective on the date the probation was revoked; and, precluding a judges discretion to stay the suspension of those sentences other than for (1) appeal or (2) a brief time to allow the probationer a brief time to attend to personal matters before being recommitted to the specified suspended sentence which had just been revoked.

10.

In short, the petitioner claims that the judgment of
suspending his (A) and (B) sentences for and additional eleven
years plus, after revocation, amounts to an abuse of discretion,
first because there appears to be no established legal basis for
such a lengthy stay of execution and second because such a stay
is clearly inconsistant with the plain language of G.L. c. 279
§ 3, and Commonwealth v. Holmgren, 421  Mass. 224 (1995).

There is merit to a challenge to a courts discretion in
cases where a judge totally disregards the Rules of the Court,
see e.g. Commonwealth v. Brown, 395 Mass. 604, 481 N.E.2d 469
(1985) at 471 citing Commonwealth v. Soares, 377 Mass. 461, 492,
387 N.E.2d 499 cert denied., 444 U.S. 881, 100 S.Ct. 170, 62
L.Ed.2d 110 (1979), and in such cases a [petitioner] should not
be required to prove prejudice.  Apply Rule 7(e), of the District
Court Rules For Probation Violations Proceedings, for example.

### ENTITLEMENT TO HABEAS RELIEF

III.   Fairness and Finality:

In the matter of Commonwealth v. Brown, supra. the Court
noted that "Rules of the Court have the force of law and may not
be disregarded by an individual judge." Id. at 471.

In  this Commonwealth, judges' are also bound by statutory
requirements; in fact, the petitioner's liberty has been held
protacted by the Due Process Clause, even when the liberty itself
is a statutory creation of a State. Cf. Kelly v. Johnson, 425 U.S.
238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976) citing Wolff v. McDonn-
ell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d (1974).

11.

In the instant case the petitioner claims that fairness requires that on the day his probation was revoked he lawfully began serving his suspended Concord sentences concurrently with his new Walpole sentence.

The petitioner also claims that he was prejudiced by the delay in the execution of his suspended Concord sentences; that the second judge's order deprived him of the opportunity to have the suspended portion of his Concord sentences terminate before starting his State prison sentence, or at least have his State prison sentence take effect as early as the parole elegibility date of his Reformatory sentences; that the second judge lacked jurisdiction to change the original commitment order for his Reformatory sentences; and, that fairness concerns are in his favor.

Fair play and finality (finality itself being a form of fair play) requires that once probation is revoked, the Court must impose the original suspended sentence. See Commonwealth v. Chirillo, 53 Mass.App.Ct. 55, 756 N.E.2d 1215, 1219,

The petitioner in the instant case claims that although the principle used to express the requirement for the immediate execution of his suspended sentences following revocation is expressed in a seemingly different formula, he still cannot be required to serve the Reformatory sentences in installments. Chirillo, supra. at 1219 citing Commonwealth v. Holmgren, 421 Mass. 224 (1995).

In the instant case the petitioner was led to believe that he was deemed to have served the suspended sentence based on the plea agreement and language expressed in G.L. c. 279 § 3.

Probation is a "matter of grace" but probationer is entitled to fair treatment. <u>Burns v. United States</u>, 287 U.S. 216, 223, 53 S.Ct. 154, 156, 77 L.Ed.2d 266 (1932).

It is well settled that a trial court lacks jurisdiction to alter a previously imposed valid sentence once the defendant begins to serve the sentence. See <u>Johnson v. Mabry</u>, 602 F.2d 169 (1979) and cases cited.

The sentencing court may not amend a sentence to run consecutive once the defendant begins serving it as a concurrent sentence. <u>U.S. v. Winter</u>, 70 F.3d 655 (1st Cir. 1995) at 666 citing <u>United State v. Bynoe</u>, 562 F.2d 126, 128 (1st. Cir. 1977) and <u>United States v. Benefield</u>, 942 F.2d 60, 66 (1st Cir. 1991).

Respectfully, the petitioner in the instant case request this Honorable United States District Court to briefly review the Sentencing Transcripts, which will reveal whether his probation was revoked before or after his Walpole sentence was imposed, since that is the key factor in determining the actual effective date of his suspended sentences.

According to the Sentencing Transcripts, during the Sentencing Hearing before the second judge, the probation was actually revoked before the Walpole sentence was imposed, then it was revoked a second time after the judge imposed the Walpole sentence. See Tr. Tr. Vol. 8 pp 14-16.

As claimed before the State Court, since probation was revoked first, fairness requires that the suspended sentences were "in full force and effect," but were stopped by the judge's imposition of the Walpole sentence, then reimposed to run from and after the new Walpole sentence.

The petitioner in the instant case claims that he also was drprived of the opportunity to complete his Concord sentences at an earlier time and that he was prejudiced by the unreasonable delay, which was protracted in a manner which denied the petitioner a purely state law right and equal protection of the law. Cf. Henderson v. Morris, 670 F.2d 699 (7th Cir. 1982) particularly where the protracted delay in the instant case works against the goal of rehabil- itation by adding to the petitioner's anxiety and making him further distrustful of legal procedures. Cf. Commonwealth v. Sawicki, Mass. 339 N.E.2d 740 (1975) at 744 citing Marks v. Wentworth, 199 Mass. 44, 45, 85 N.E. 81 (1908); United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

In short, the petitioner in the instant case claims that even if G.L. c. 279 § 3, did not require that his suspended sentences were in full force and effect on January 19, 1993, the day the second judge revoked his probation; pursuant to G.L. c. 279 § 8A, fairness requires that that judgment, albeit disaccording to the provisions prescribed in G.L. c. 279 § 3, must be deemed to have released him from the suspended portion of his Concord sentences; In other words, he claims that his suspended sentences were expired by the second judge's judgment.

It is well settled that when a prisoner is released prior to service or expiration of his sentence through no fault of his own, and the authorities make no attempt over a prolonged period of time to reacquire custody over him, he may be

14.

given credit for the time involved, and he will not be required at some later time to serve the remainder of his sentence. See In re Zullo, 37 Mass.App.Ct. 377, 639 N.E.2d 1110 (1994) at 1112 citing White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930); Albori v. United States, 67 F.2d 4, 7 (9th Cir. 1933); Bailey v. Ciccone, 420 F.Supp. 344, 347 (W.D.Mo.1976).

## ENTITLEMENT TO HABEAS RELIEF

IV.    Exhaustion of State remedies:

As a general rule, a petitioner satifies the exhaustion requirement if he presents the Federal claim to the appropriate State Courts in the manner required by State Law, thereby affording the State Courts a meaningful opportunity to consider the allegations of legal error. Assessment of the petitioner's satisfaction of this requirement focuses on whether he actually afforded the State Court the opportunity to rule on the claim and not on whether the State Courts actually availed themselves of the opportunity. Thus the petitioner's claims must be deemed properly presented and exhausted since, the State Courts, when presented with his claims opted not to rule on the claim on either substantial or procedural grounds. See e.g. Castille v. Peoples, 489 U.S. 346, 351 (1998) Id. at 350-351 (exhaustion occurs if claim presented in proceeding in which petitioner deserves ruling on merits as of right).

The petitioner in the instant case began his quest for judicial relief by presenting his Habeas claims before the Suffolk Superior Court, pursuant to Mass. R. Crim. P. Rule 30(a), which was denied without a hearing by the Court, Spurlock, J., on July 5, 2002.

15.

The petitioner subsequently presented the identicle claims before the Appeals Court, and was again denied without a hearing (or acknowledgement of this particular claim) in the Court's Memorandum And Order Pursuant to Rule 1:28, dated June 25, 2003 (Grasso, McHugh & Cohen, JJ.,Presiding.

On March 6, 2003 the Supreme Judicial Court, Ireland, J., transferred the petitioner's claims to the Worcester Superior Court, for disposition; and the Court, Locke, J., dismissed the petition without a hearing.

On May 6, 2003 the petitioner moved for Reconsideration of the Court's denial, and made specific reference to the habeas claims which were presented but unaddressed by the Court, Locke, J., prior to dismissal; however, Reconsideration was also denied without a hearing, by the Court, John P. Connor, Jr., J,. on January 14, 2004.

On February 24, 2004 the petitioner received notice from the Court, Single Justice, Cordy, J., informing him that his claims were dismissed without a hearing on the merits, pursuant to Docket Number SJ-2004-0062.

The Supreme Judicial Court denied the petitioner's request to file his pro se Application For Further Appellate Review, Late, on or about June 30, 2004.

The exhaustion requirement of 28 U.S.C. § 2254(b)-(c) has been judicially interpreted to mean that claims must have been presented to State Courts; they need not have been considered or discussed by those Courts. See Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) cert denied, 478 U.S. 1021 (1986); Swanger v. Zimmerman, 750 F.2d 291, 295 (3rd Cir. 1984).

16.

The petitioner in the instant case seeks to have the judgment of a State Court voided or modified in order to protect his right to equal protection of the law with regard to the correct interpretation of G.L c. 279 § 3.

While at the State level, the Supreme Judicial Court refeused to consider the petitioner's claims on the merits, which, although fairly raised in his brief on appeal, were circumvented by that Court both on Direct Appeal pursuant to Docket No. 2002-P-1410, and again when the petitioner moved for Reconsideration.

As the Court made clear in the matter of Williams v. Holbrook, 691 F.2d 3, (1982) "[F]or the substance of a claim to have been advanced before the State Court, the same legal theory must have been presented to them." Id. at 9; At the same time, this Court has recognized that an argument need not have been highlighted in a petitioner's brief before the State Courts for it to have been adequately raised ." Id. at 9, citing Fillippini v. Ristaino, 585 F.2d 1163 (1St Cir. 1978).

The question is, "whether any of the petitioner's claims is so clearly distinct from the claims he has already presented to the State Courts that it may fairly be said that the State Courts have had no opportunity to pass on the claim." See Humphrey v. Cady, 405 U.S. 504, 516 n. 18 (1972).

## CONCLUSION

The Due Process Clause of the Fourteenth Amendment... requires that action by a State through any of its agencies must be consistant with the fundamental principles of liberty and justice. In re Zullo, 37 Mass.App.Ct. 371, 639 N.E.2d 1110 (1994) at 1113 citing Piper v. Estelle, 485 F.2d 245, 246

(5th Cir. 1973) quoting from <u>Shields v. Beto</u>, 370 F.2d 1003, 1004 (5th Cir. 1967).

The petitioner in the instant case established by a preponderance of the evidence that he is entitled to relief. Cf. <u>Johnson v. Mabry</u>, 602 F.2d 167 (1979) at 171 citing <u>Johnson v. Zerbst</u>, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); <u>Bellew v. Gunn</u>, 532 F.2d 1288 (9th Cir. 1976).

<u>WHY THE PETITIONER SHOULD NOT BE ENJOINED FROM FILING</u>

This Honorable United States District Court has referred to the matter of <u>Elbery v. Louison</u>, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) citing <u>Cok v. Family Court of Rhode Island</u>, 985 F.2d 32, 34 (1st Cir. 1999)), to provide an example of when and under what circumstances a Court might move to exhibit it's "power to enjoin litigants who abuse the Court System..." for instance by filing groundless and vexatious litigation or in situations where the continued filing of factual and/or legally deficient habeas petitions ... warrant an injunction barring additional lawsuits without the aid and signature of counsel or unless specifically authorized by the Court. <u>Castro v. United States</u>, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam); <u>Gordon v. U.S. Dept. of Justice</u>, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam); same <u>Pavilonis v. King</u>, 626 F.2d 1075, 1909 (1st Cir. 1980) (same).

Most respectfully, the petitioner in the matter presently before the Court states that he has never filed any action before any Court with abusive intentions.

18.

With regard to the groundlessness, vexatiousness and/or any factual or legal deficiency, said to exist in past litigation filed by this petitioner, he offeres his sincere opologies for any inconvenience caused and assures this Honorable Court that his intentions were pure then as they are now, notwithstanding his past inability to properly formulate and articulate his claims.

It is important to note that since the petitioner became aware of the respondent's intentions to detain him on the suspended Concord sentences, he has continued his quest for Judicial redress in the most respectful manner.

With respect to the Civil Actions referenced in this Court's Memorandum and Order, at pages 1 and 2, the petitioner respectfully moves this Court not to disciplin him for failed attempts to exercise his Constitutional Right for redress of greivance. "Prison walls do not form a barrier seperating prison inmates from the protections of the Constitution, [h]ence for example, prisoner's retain the Constitutional Right to petition the government for redress of greivance. Johnson v. Avery, 393 U.S. 403, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); they are protected against invidious racial discrimination by the Equal Protection Clause of the Fourteenth Amendment, Lee v. Washington, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968); and they enjoy the protections of Due Process, Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) See Turner v. Safley, 107 S.Ct. 2254 (1987) at 2259.

Equally important is the fact that pursuant to 28 U.S.C.S. § 2254 "... the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the Writ is to secure release from illegal custody. Preiser v. Rodriguez, 411 U.S. 475, 36 L.Ed.2d 439, 93 S.Ct. 1827 (1973).

The petitioner in the instant case moves this Honorable Court to understand that he was simply doing the best he could with the knowledge he had at the time he filed the previous actions; and, although he has absolutely no intentions of ever filing another pro se Civil Action, except in the most serious of situations, he ask that he not be enjoined from filing should he be deprived of rights protected under State or Federal Law; particularly those requiring habeas attention by the Court.

The petitioner now ask that he not be enjoined from filing pro se because he has been incarcerated since 1991 and remains insolvent and therefore unable to afford legal representation.

For the reasons stated hereinabove, the petitioner request that he not be enjoined from filing further habeas action, in the interest of justice.

<u>PRAYER FOR RELIEF</u>

There are various remedies potentially available to a habeas petitioner; the petitioner in the instant case hereby moves this Honorable United States District Court, to grant him the following relief:

20.

1.   Issue an Order granting the petitioner's request for his entitlement to immediate release from respondent's unlawful custody, with respect to the suspended Concord sentences.

2.   Issue an Oredr pursuant to Rule 5 of the Rules Governing § 2254 Cases, directing respondent to produce the Sentencing Transcripts and mittimus from petitioner's conviction and sentence pursuant to Indictment No's 090601 and 093716, as well as any and all other documents relevent to the imposition and revocation of his Reformatory sentences. (Original documents also)

3.   Issue an order directing the respodent to produce the sentencing transcripts (especially sentencing transcripts) and mittimus' from petitioner's conviction and sentence pursuant to Indictment No. 100140.

4.   Issue an Order directing respondent to produce the record of all State Post-conviction decisions and other relevent documents; particularly petitioner's Appeal pursuant to Appeals Court Docket No. 02-P-1410 and Motion for Reconsideration and the decision of the Full Bench of the Supreme Judicial Court.

5.   Conduct a hearing on the merits of the petitioner's claims in which evidence may be offered concerning the factual allegations in the petition.

6.   Permit the petitioner, who is indigent, to proceed without prepayment of cost or fees.

7.   Appoint counsel to represent the petitioner, who is indigent.

8.   Appoint any experts essential to aid and assist the petitioner or provide other necessary financial assistance to petitioner, who is indigent.

9.   The Court, if it concludes that State remedies with regard to any claim in the petition which may not have been properly exhaused, should hold the petition in abeyance under stay of execution, pending exhaustion of State remedies.

10.  Issue an Order preliminarily remanding the petitioner's claims to the State Supreme Judicial Court, for adjudication on the merits.

11.  Find in favor of the petitioner's understanding of the Legislative intent and/or interpretation of M.G.L. c. 279 § 3, based on its plain meaning.

12.  Grant such other relief as may be appropriate.


Dates: January 7, 2005

Respectfully submitted,

Frank Hooks
OCCC Minimum
1 Administration Road
Bridgewater, MA 02324


Signed under the pains and penalties
of perjury on this 7th day of January 2005

Frank Hooks
OCCC Minimum
1 Administration Road
Bridgewater, MA 02324